Harper, J.
My views of this case may be gathered from what has been said by me in the case of Davis & Tarleton v. Benbow, 2 Bail. 427. I have again looked into the authorities on the subject, and find no reason to change any of the views there expressed. It is not questioned but that in some cases a party may come into equity to be relieved, when a bill or note has been lost or destroyed. The cases of Walmsley v. Child, 1 Ves. 341; Ex parte Greenway, 6 Ves. 812, and many others, are sufficient to establish this. The Chancellor seems to have decided chiefly on the authority of Mossop v. Eadon, 16 Ves. 430. The Master of the Rolls, in that case, went upon the ground that the only purpose of coming into equity is to offer an indemnity, and as I gather from the argument in the case, it appeared that the note was not payable to order, so that it could not have been negotiated, and as no action could be maintained upon it by any one into whose hands it might come, indemnity was unnecessary. He therefore dismissed the bill. So the Chancellor supposes that as the note in this case, as appears from the plaintiff’s own statement, was lost after it was due, there was no need of indemnity. But with deference, this seems to me to be founded in misconception. The plaintiff does indeed state that the note was lost after due; but who shall assure the defendant of the truth of that statement? Plaintiff states that he has no proof of the loss. It is for defendant’s benefit that the party is required to come into equity. If an action had been brought at law, she might well have said to the plaintiff, how can you assure mo that you yourself, have not negotiated the note before it became due, and that it may not now be in the hands of a bona fide holder ? The right to indemnity would have been apparent.
But the case of Mossop v. Eadon, seems to have been overruled by subsequent decisions. In the case of Hansard v. Robinson, 7 Barn. & Cress. 90, *3741 the bill was lost after due. Lord Tenderden, *speak-0 ing of the defendant, says: “ But how is he to be assured of the loss or destruction of the bill ? Is he to rely on the assertion of the holder, or to defend the action at the peril of costs ? And if the bill should afterwards appear and a suit be brought against him by another, a fact not absolutely improbable in the case of a lost bill, is he to seek for the witnesses to prove the loss and to prove that the new plaintiff obtained it after it became due ? Has the holder the right, by his own negligence or misfortune, to cast the burden upon the acceptor, even for not discharging the bill on the day it became due ? We think that the custom of merchants does not authorize us to say that this is the law. Is *287 the holder, then, without remedy ? Not wholly so. He may tender sufficient indemnity, and if it be refused he may enforce payment thereupon in a Court of Equity.” In M’Cartney v. Graham, 2 Simons, 285, the bill had been indorsed specially to the plaintiff, so that no other holder could maintain a suit upon it, and it was argued, on the authority of Mossop and Eadon, that as no indemnity was needed, the remedy was at law. But the Court said that Mossop v. Eadon had been overruled by Hansard and Robinson.
Sir William Grant, in Mossop v. Eadon, seems to have overlooked a ground of equity on which the greatest stress is laid by Lord Eldon — a still higher authority. This is the necessity imposed on the party coming into equity to make affidavit of the loss. In Ex parte Greenway, speaking of the decision of the Court of law, in Read v. Brookman, 3 T. R. 151, that in case of a lost deed, profert may be dispensed-with, he says : “ It is questionable whether sufficient attention was paid to the consideration, that in equity the conscience is ransacked, and the party alleging that the instrument is lost, must make an affidavit that it is not in his possession or power.” And in Bromley v. Holland, 6 Ves. 20, “The protection this Court gives in that case, is most essential to the interest of justice. Here the party pledges his conscience by his oath that the instrument is lost.” East India Company v. Boddam, 9 Ves. 464, was a case of a lost bond. Lord Eldon says, that “ if the bond was by a single obligee, the party sued in this Court, stating in his bill that the bond was lost; and accompanying Ms bill with an affidavit that it was lost; not as evidence of the loss, but as a security for the propriety of jurisdiction.” Instances are put in the cases of frauds which might be practised by the wilful suppression* or destruction of the instru- r*ghg ment, similar to what is suggested in Davis & Tarleton v. Benbow. [*375 It may be observed that this applies still more strongly in the ease of a lost bill or note than in that of a bond or deed, as, in addition to the danger of fraudulent suppression or destruction, there is additional danger of the instrument’s having been fraudulently negotiated. There is no doubt, however, but that it was intended to apply in all similar cases. Such is the view taken by Eonblanque, in his notes to the Treatise of Equity, (1 Eonb. 15, 16, IT, n. f.) and by Lord Redesdale, (Mitf. PI. 105-6.)
It is ordered and decreed that the Chancellor’s decree be reversed, and the cause remanded for hearing.
Johnson, J., and O’Neall, J., concurred.